UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:16-cv-0375 MCE AC (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This proceeding was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  This case is related to Douglas v. County of Sacramento, 2:16-cv-0415 (E.D. Cal.).  ECF No. 7.

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP").  Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

I.  SCREENING

Granting IFP status does end the court's inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

1

Plaintiff must assist the court in making this determination by drafting their complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiffs' claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

The following description assumes, for purposes of this screening only, the truth of the allegations of the complaint.  On March 23, 2015, plaintiff had taken shelter "inside of boxes that protected him from cold, wind or other encounters" in "a courtyard of a hospital complex." Complaint (ECF No. 1) ¶ 4.  At or around 10:30 p.m., defendant Police Officer Rath, Badge # 610, "viciously and violently" tore away the boxes protecting plaintiff.  Id. ¶¶ 4, 5.  Rath then searched plaintiff and his belongings, and restrained plaintiff while a Sheriff's Deputy arrested plaintiff, even though no reasonable suspicion or probable cause existed to do so.  Id. ¶ 9.  The complaint names the City of Sacramento and the Sacramento Police Department as additional defendants, but makes no allegations against them.  The complaint names no other defendants.

## III.  ANALYSIS

For screening purposes, the complaint states cognizable Section 1983 (42 U.S.C. § 1983) claims for relief against defendant Rath.[1]  These claims are for (1) violating the Fourth Amendment of the U.S. Constitution by unreasonably searching and seizing plaintiff's person and property,[2] and (2) violating the Due Process Clause of the Fourteenth Amendment by (a) invading plaintiff's security and privacy,[3] and (b) seizing plaintiff's property without due process.[4]

However, the complaint fails to state a cognizable claim against the City of Sacramento or the Sacramento Police Department.  These defendants cannot be held liable under Section 1983

---

[1] The court notes that plaintiff admits that he has already signed a "Release of all Claims" related to this incident, and was paid $2,000 in settlement.  Complaint ¶¶ 24-26.  However, "[s]ettlement and release is an affirmative defense" that is subject to waiver by defendant.  Lowery v. Channel Communications, Inc. (In re Cellular 101, Inc.), 539 F.3d 1150, 1155 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(c), which includes "release" in the list of affirmative defenses).  As such, this admission does not mean that plaintiff has failed to state a claim, or that the claim is frivolous, for screening purposes.  The court also notes that in the related case, plaintiff alleges that the Release was the result of "duress and undue influence."  See Douglas v. County of Sacramento, 2:16-cv-0415, ECF No. 1 ¶ 4 (E.D. Cal. February 26, 2016).
[2] See Lavan v. City of Los Angeles, 693 F.3d 1022,1027-31 (9th Cir. 2012) (the Fourth Amendment protects the homeless against unreasonable seizure and destruction of their un-abandoned property), cert. denied, 133 S. Ct. 2855 (2013).
[3] See Ingraham v. Wright, 430 U.S. 651, 673 (1977) ("[a]mong the historic liberties" protected by the Due Process Clause "was a right to be free from and to obtain judicial relief, for unjustified intrusions on personal security").
[4] See Lavan, 693 F.3d 1022 at 1031-33 (the Due Process clause protects the homeless against having their property taken without the due process of law).

based solely upon the conduct of Officer Rath, as that would be "vicarious liability." See Connick v. Thompson, 563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their employees' actions"). Instead, these defendants can be held liable only for the harm caused by their own actions and policies. Id. (municipal defendants "are responsible only for their own illegal acts") (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Therefore, "to prevail on a Fourth Amendment § 1983 claim against a municipal defendant or police department," plaintiff must allege facts showing:

> (1) that he was "deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to ... constitutional rights; and (3) that these policies [were] the moving force behind the constitutional violations."

Gant v. County of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014) (quoting Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)).

One way the "customs or policies" requirement can be satisfied is if plaintiff can truthfully allege facts showing that he was harmed by the municipal defendants' custom or policy of conducting inadequate "training or supervision," where that training or supervision "is sufficiently inadequate as to constitute 'deliberate indifference' to the righ[t]s of persons" with whom its deputies come into contact. Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (quoting City of Canton v. Harris, 489 U.S. 378 (1989)). The requirement can also be satisfied if plaintiff can truthfully allege facts showing that the municipal defendants ratified Officer Rath's allegedly unconstitutional conduct. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (Section 1983 claim may be made out by acquiescence in a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity).

Plaintiff's complaint alleges no such facts against the municipal defendants, and therefore, the complaint fails to state a claim against them.

////

////

4

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.

2. Plaintiff may proceed now to serve Officer Rath, as set forth below, and pursue his claims against only that defendant.  Alternatively, he may delay serving Officer Rath, and attempt to state a cognizable claim against the City of Sacramento and the Sacramento Police Department.

3. **If plaintiff elects to amend his complaint to state a cognizable claim against the municipal defendants, he has thirty days so to do**, and he may skip the following service instructions (Nos. 4-10).  Plaintiff is not obligated to amend his complaint.  However, if he does so, the amended complaint will also be subject to screening.

4. **If plaintiff elects to proceed now against Officer Rath alone**, then within thirty days, plaintiff must return the materials for service of process that are enclosed with this order, as described below.  In this event the court will construe plaintiff's election as consent to the dismissal of all claims against the City of Sacramento and the Sacramento Police Department, without prejudice.

5. Service is appropriate for the following defendant: Police Officer Rath, Badge # 610.

6. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

7. The Clerk of the Court shall send plaintiff, for each defendant in ¶ 5, above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

8. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 5, above, at least:

   a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

  9. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on Officer Rath within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

  10. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

  11. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: April 30, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| 11 | RAYMOND M. DOUGLAS, | No. 2:16-cv-0375 MCE AC (PS) |
|----|---------------------|------------------------------|
| 12 | Plaintiff, | |
| 13 | v. | NOTICE OF SUBMISSION |
| 14 | CITY OF SACRAMENTO, et al., | |
| 15 | Defendants. | |

16

17    Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with

18 the court's order filed _____:

19    ____ completed summons form

20    ____ completed USM-285 form

21    ____ copy of the complaint

22    ____ completed form to consent or decline to consent to magistrate judge jurisdiction

23
24
25 _____    _____
   Date                                       Plaintiff's Signature
26
27
28