1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   RAYMOND M. DOUGLAS,                           No.  2:16-cv-0375 MCE AC (PS)

12                  Plaintiff,

13         v.                                      FINDINGS & RECOMMENDATIONS

14   CITY OF SACRAMENTO, et al.,

15                  Defendants.

16

17         Plaintiff is proceeding in this action pro se and in forma pauperis.  This proceeding was

18   referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).[1]  On May 2, 2016, the

19   court screened plaintiff's original complaint, and determined that plaintiff could proceed with his

20   Section 1983 (42 U.S.C. § 1983) claims against defendant Police Officer Rath, Badge # 610.

21   ECF No. 8.  The court also determined that plaintiff failed to state claims against defendants City

22   of Sacramento and Sacramento Police Department.  Id.

23         Plaintiff was advised that he could proceed against defendant Rath alone, or he could

24   amend his complaint to attempt to state claims against the remaining defendants.  Id.  Plaintiff

25   amended his complaint.  See ECF No. 12 (Second Amended Complaint).[2]

26   ─────────────────────
     [1]  This case is related to Douglas v. County of Sacramento, 2:16-cv-0415 MCE AC (E.D. Cal.).
27   ECF No. 7.
     [2]  Plaintiff filed his First Amended Complaint on May 23, 2016.  ECF No. 10.  He filed his
28   (continued…)

                                                    1

1    That Second Amended Complaint ("Complaint") will therefore be screened.  As discussed

2    below, the Complaint does not cure the deficiencies of the original complaint.

3    I.  SCREENING

4    The federal IFP statute requires federal courts to dismiss a case if the action is legally

5    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

9    court will (1) accept as true all of the factual allegations contained in the complaint, unless they

10   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

11   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327;

12   Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at

13   Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

14   However, the court need not accept as true, legal conclusions cast in the form of factual

15   allegations, or allegations that contradict matters properly subject to judicial notice.  See Western

16   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,

17   266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

18   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

19   Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

20   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

21   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th

22   Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

23   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

24   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

25   ////

26

27   Second Amended Complaint on May 25, 2016.  ECF No. 12.  The court will treat the Second
     Amended Complaint as the operative complaint.

28

## II.  THE COMPLAINT

The following description assumes, for purposes of this screening only, the truth of the allegations of the complaint.  On March 23, 2015, plaintiff had taken shelter "inside of boxes that protected him from cold, wind or other encounters" in "a courtyard of the Glenn Dairy Building." Complaint (ECF No. 12) ¶ 4.  At or around 10:30 p.m., defendant Police Officer Rath, Badge # 610, "viciously and violently" tore away the boxes protecting plaintiff.  Id. ¶¶ 4, 5.  After non-defendant Sacramento County Deputy Sheriff Huffman dragged plaintiff away from his boxes, Rath grabbed plaintiff and threw him against a retainer wall, placing plaintiff's left arm "in an arm bar."  Id. ¶ 7.[3]  Rath (with the deputy) then searched plaintiff and his belongings, and kept plaintiff "subdued."  Id. ¶ 9.  The complaint names the City of Sacramento and the Sacramento Police Department as additional defendants, but makes no allegations against them.  The complaint names no other defendants.

## III.  ANALYSIS

For screening purposes, the complaint states cognizable Section 1983 (42 U.S.C. § 1983) claims for relief against defendant Rath.  These claims are for (1) violating the Fourth Amendment of the U.S. Constitution by unreasonably searching and seizing plaintiff's person and property,[4] and (2) violating the Due Process Clause of the Fourteenth Amendment by (a) invading plaintiff's security and privacy,[5] and (b) seizing plaintiff's property without due process.[6]

However, as discussed more fully in the court's prior order (ECF No. 8), the complaint fails to state a cognizable claim against the City of Sacramento or the Sacramento Police Department.  These defendants cannot be held liable under Section 1983 based solely upon the

---

[3]  Plaintiff sues Huffman separately in the related case.  See Douglas v. County of Sacramento, 2:16-cv-0415 MCE AC (E.D. Cal.).

[4]  See Lavan v. City of Los Angeles, 693 F.3d 1022,1027-31 (9th Cir. 2012) (the Fourth Amendment protects the homeless against unreasonable seizure and destruction of their un-abandoned property), cert. denied, 133 S. Ct. 2855 (2013).

[5]  See Ingraham v. Wright, 430 U.S. 651, 673 (1977) ("[a]mong the historic liberties" protected by the Due Process Clause "was a right to be free from and to obtain judicial relief, for unjustified intrusions on personal security").

[6]  See Lavan, 693 F.3d 1022 at 1031-33 (the Due Process clause protects the homeless against having their property taken without the due process of law).

1   conduct of Officer Rath, as that would be "vicarious liability."  See Connick v. Thompson, 563

2   U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their

3   employees' actions").  Instead, these defendants can be held liable only for the harm caused by

4   their own actions and policies.  Id. (municipal defendants "are responsible only for their own

5   illegal acts") (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of New

6   York, 436 U.S. 658 (1978).

7        Plaintiff has been given the opportunity to cure the defects in the complaint regarding the

8   municipal defendants, but he has completely failed to do so.  Accordingly, the undersigned

9   believes it would be futile to permit plaintiff another opportunity to amend his complaint.

10                                    IV.  CONCLUSION

11        For the reasons stated above, IT IS HEREBY RECOMMENDED that:

12        1.  All Section 1983 claims against defendants City of Sacramento and Sacramento Police

13   Department should be DISMISSED with prejudice, and all state claims against those defendants

14   should be dismissed without prejudice to their renewal in an appropriate state forum.

15        2.  Service is appropriate for the following defendant: Police Officer Rath, Badge # 610.

16   Accordingly, if the district judge adopts these recommendations, the following service

17   instructions should be issued to effect service upon that defendant.

18             a.  Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date of

19   the district judge's order, all information needed by the Marshal to effect service of process

20   (listed below).[7]  Within 10 days of having supplied this information, **plaintiff shall file a**

21   **statement with the court that said documents have been submitted to the United States**

22   **Marshal** (see attachment).  The required documents shall be submitted directly to the United

23   States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 "I"

24   Street, Suite 5600, Sacramento, CA  95814 (tel. 916-930-2030).[8]  The court anticipates that, to

---

[7] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[8] The court has already ordered the Clerk of the Court to supply plaintiff with these materials. See ECF No. 8 at 5 ¶ 7.

effect service, the U.S. Marshal will require, for each defendant in paragraph 2 above, at least:

(1) One completed summons;

(2) One completed USM-285 form;

(3) One copy of the endorsed filed complaint, with an extra copy for the United States Marshal;

(4) One copy of the form to consent or decline to consent to magistrate judge jurisdiction; and

(5) One copy of this order.

b. The United States Marshal is directed to serve process promptly on each defendant identified in paragraph 2 above, without prepayment of costs.

c. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

d. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Suite 5600, Sacramento, CA  95814 (tel. 916-930-2030).

3. Failure by plaintiff to comply with this order may result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  RAYMOND M. DOUGLAS,                    No.  2:16-cv-0375 MCE AC (PS)

12              Plaintiff,

13      v.                                 NOTICE OF SUBMISSION

14  CITY OF SACRAMENTO, et al.,

15              Defendants.

16

17          Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with

18  the court's order filed _____:

19          ____    completed summons form

20          ____    completed USM-285 form

21          ____    copy of the complaint

22          ____    completed form to consent or decline to consent to magistrate judge jurisdiction

23

24

25  _____        _____
    Date                                     Plaintiff's Signature

26

27

28

6